IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAWN M.,

        Plaintiff,

    v.                                     Civil Action No.
                                          6:20-CV-1350 (DEP)

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

OFFICE OF PETER M. HOBAICA       B. BROOKS BENSON, ESQ.
2045 Genesee Street
Utica, NY 13501

FOR DEFENDANT

SOCIAL SECURITY ADMIN.            JESSICA RICHARDS, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on March 16, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   March 22, 2022
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAWN M.,
                                              Plaintiff,

-v-                                           6:20-CV-1350

SOCIAL SECURITY,

                                              Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
March 16, 2022
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    OFFICE OF PETER M. HOBAICA, LLC
    2045 Genesee Street
    Utica, New York 13501
    BY:  **B. BROOKS BENSON, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    JFK Federal Building, Room 625
    15 New Sudbury Street
    Boston, Massachusetts 02203
    BY:  **JESSICA RICHARDS, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1               (The Court and all parties present by telephone.
2    Time noted:  10:22 a.m.)
3               THE COURT:  Let me begin by thanking counsel for
4    excellent and spirited and comprehensive analyses, both written
5    and verbal.
6               Plaintiff has commenced this action pursuant to 42,
7    United States Code, Sections 405(g) and 1383(c)(3).  The
8    background is as follows:  Plaintiff was born in October of
9    1969.  She's currently 52 years of age.  She was 45 years old at
10   the alleged onset of disability on January 10, 2015.  Plaintiff
11   stands 5'3" in height and has weighed approximately 210 pounds,
12   plus or minus, over time.  Plaintiff has two adult children.
13   She currently resides in a transitional facility known as the
14   Hope House in Utica, New York.  It is a facility intended for
15   long-term transition from inpatient to outpatient rehabilitation
16   over a period of six to nine months.  She lives with a roommate
17   there.  Plaintiff has a high school education and two
18   Associate's degrees, one in accounting and one in psychology.
19   Plaintiff has no driver's license as a result of at least two,
20   and possibly three, driving while intoxicated convictions.
21              Plaintiff stopped working in -- on any kind of
22   long-term basis on February 1, 2012.  She was fired from that
23   position.  She has held positions as a medical billing clerk, an
24   office manager, a manufacturing production assistant, and a
25   receptionist in various settings.  She has what I would

1   characterize as failed work attempts, meaning of short-term
2   duration, with the Salvation Army in Rochester, New York in
3   2015, a Wendy's in 2017, and Aspen Dental in 2018.
4           Physically, although that is not the focus of
5   plaintiff's challenge in this case, she suffers from bilateral
6   hip issues including arthritis, she had a left hip injury
7   sustained on January 22, 2016, she was also status post carpal
8   tunnel syndrome release.  She had undergone left and right
9   releases on separate dates in 2016.  Plaintiff has been
10  prescribed a TENS unit and also a walker.
11          Mentally, plaintiff has been variously diagnosed as
12  suffering from depression or major depressive disorder,
13  posttraumatic stress disorder or PTSD, anxiety disorder, bipolar
14  disorder, borderline personality disorder, alcohol abuse
15  disorder (severe), and panic disorder.  She has had multiple
16  suicide attempts, multiple hospitalizations, and rehabilitation
17  efforts.  Plaintiff began binge drinking or self-medicating in
18  2011.  She has maintained sobriety since December 24, 2018.
19  Plaintiff regularly sees both a psychiatrist and counselors.
20  She has been prescribed various medications, including
21  Gabapentin for pain, Trazodone for sleep, Wellbutrin, Effexor,
22  Venlafaxine, Vistaril, Naltrexone, Neurontin, and Mirtazapine.
23          In terms of activities of daily living, plaintiff is
24  able to dress, bathe, groom, cook, and prepare some food, clean,
25  do laundry, shop, take public transportation, read.  She enjoys

1  music and coloring.
2          Procedurally, plaintiff had a previous application --
3  two applications for disability benefits and SSI payments that
4  were filed on October 23, 2013, and dismissed on January 9,
5  2015.  Those were not reopened.
6          Plaintiff filed Title II and Title XVI applications
7  again on February 16, 2016, alleging an onset date of
8  January 10, 2015, the day after dismissal of her earlier
9  applications.  In her function report, she claims disability
10 based on bipolar disorder, PTSD, mood disorder, anxiety,
11 depression, arthritis, and left hip injury.  A hearing was
12 conducted on March 21, 2019, by Administrative Law Judge
13 Jennifer Gale Smith to address plaintiff's applications for
14 benefits.  On July 5, 2019, ALJ Smith issued an unfavorable
15 decision.  That became a final determination of the agency on
16 August 28, 2020, when the Social Security Administration Appeals
17 Council denied plaintiff's request for a review.  This action
18 was commenced on October 30, 2020, and is timely.
19         In her decision, ALJ Smith applied the familiar
20 five-step sequential test for determining disability.  She noted
21 initially that plaintiff's last date of insured status was
22 March 31, 2017.  At step one, she concluded that plaintiff had
23 not engaged in substantial gainful activity since January 10,
24 2015, although she noted failed work attempts subsequent to that
25 date.

1          At step two, ALJ Smith concluded that plaintiff
2     suffers from severe impairments, physical and mental, that
3     impose more than minimal limitations on her ability to perform
4     basic work activities, including osteoarthritis of the hips,
5     status post right carpal tunnel release, and obesity on the
6     physical side.  And mentally, anxiety disorder, depressive
7     disorder, bipolar disorder, borderline personality disorder,
8     posttraumatic stress disorder, alcohol abuse, and substance
9     abuse disorder.
10         At step three, initially based on the opinion of
11    state agency consultant Dr. Mary Eileen Buban, she concluded
12    that in the presence of alcohol plaintiff would meet or
13    medically equal the listed presumptively disabling impairments.
14    She then proceeded to assess whether those listings would be met
15    in the absence of alcohol abuse and, once again based on an
16    opinion of Dr. Buban, concluded that plaintiff's conditions
17    would not meet or medically equal any of the listed
18    presumptively disabling conditions absent the presence of
19    alcohol, specifically considering listings 1.02, 12.04, 12.06,
20    12.08, and 12.15.
21         The Administrative Law Judge next surveyed the
22    evidence and concluded that plaintiff retains the residual
23    functional capacity, or RFC, to perform light work with both
24    physical and mental limitations.  Pertinent to this case, the
25    mental limitations include the following:  The claimant retains

1  the ability to work at simple routine and repetitive tasks in a
2  low stress job defined as occasional decisionmaking, occasional
3  judgment required, and occasional changes in the work setting.
4  The claimant should work at goal oriented work rather than
5  production pace work.  The claimant should have occasional
6  contact with coworkers, supervisors, and the public.
7           Applying that residual functional capacity at step
8  four, the Administrative Law Judge concluded that plaintiff is
9  not capable of performing any of her past relevant work.
10          At step five, the Administrative Law Judge concluded
11 based on the testimony of a vocational expert that not
12 withstanding her limitations with the RFC determined by the ALJ,
13 plaintiff could perform work available in the national economy
14 and cited as representative occupations mail clerk, office
15 helper, and photocopy machine operator.  The Administrative Law
16 Judge concluded that alcohol is a contributing factor material
17 to the determination of disability based again on Dr. Buban's
18 opinions and as I said before, concluded that with alcohol
19 plaintiff would meet or medically equal listing 12.04.
20          As, you know, the Court's function in this case is
21 limited to determining whether correct legal principles were
22 applied and substantial evidence supports the resulting
23 determination.  Substantial evidence is defined as such relevant
24 evidence as a reasonable mind would find satisfactory to support
25 a conclusion.  In its decision in *Brault v. Social Security*

1   *Administration Commissioner*, 683 F.3d 443 from the Second

2   Circuit, 2012, the circuit noted that this is an extremely

3   deferential standard.  It's setting a high bar for a claimant.

4   It is more rigorous than the clearly erroneous standard.  Under

5   the substantial evidence standard, the Court noted in *Brault*

6   once an ALJ finds a fact, that fact can be rejected only if a

7   reasonable factfinder would have to conclude otherwise.

8           In this case, plaintiff raises five basic

9   contentions.  First, she challenges the rejection of the

10  treating source opinion from Dr. Samenfeld-Specht alleging that

11  it was entitled to controlling weight with regard to performance

12  at a consistent pace without an unreasonable number and length

13  of rest and the ability to deal with work stress.  The second

14  argument again challenges the rejections of Dr.

15  Samenfeld-Specht's opinion regarding plaintiff being off task

16  and absent.  Third, plaintiff claims error in finding that

17  alcohol abuse was a contributing factor to the disability

18  determination.  Fourth, she claims that it was error to elevate

19  the opinion of a state agency consultant, Dr. Buban, over the

20  opinions of a treating source, Dr. Samenfeld-Specht.  And five,

21  she alleges error in not recontacting Dr. Samenfeld-Specht to

22  clarify his opinions.

23          This case is governed by the former regulations based

24  on the date on which plaintiff's applications were filed.  Under

25  those regulations, ordinarily the opinion of a treating

1    physician regarding the nature and severity of an impairment is
2    entitled to considerable deference provided it is supported by
3    medically acceptable clinical and laboratory diagnostic
4    techniques and is not inconsistent with other substantial
5    evidence, *Veino v. Barnhart*, 312 F.3d 578, Second Circuit 2002.
6             Such opinions are not controlling, however, if
7    they're contrary to other substantial evidence in the record,
8    including the opinions of other medical experts, *Halloran v.*
9    *Barnhart*, 362 F.3d 28, Second Circuit, 2004.  And, of course,
10   where conflicts arise in the form of contradictory medical
11   evidence, their resolution is properly entrusted to the
12   Commissioner, *Veino*, 312 F.3d at 588.  When an ALJ does not
13   afford controlling weight to a treating source's opinion, as
14   occurred in this case, she must apply several factors to
15   determine what degree of weight, if any, should be assigned to
16   the opinion.  Those are set out at 20 C.F.R. Sections 404.1527
17   and 20 C.F.R. Section 416.927, and the circuit will sometimes
18   refer to those as the so-called Burgess factors.
19            The focus in this case, of course, as I said, is on
20   plaintiff's mental capabilities.  Dr. Samenfeld-Specht provided
21   a medical source statement dated May 8, 2019, it appears at
22   pages 1996 to 2005 of the record.  He is a board certified
23   psychiatrist.  His opinion states that plaintiff is seriously
24   limited, which on the form is defined as between 11 and
25   15 percent of the time, in three areas.  He also opines that

1   plaintiff would be off task 15 percent of the time and absent
2   approximately four times per month.  I note that Dr.
3   Samenfeld-Specht opined that plaintiff did not meet the B
4   criteria of the listing analysis.  In his opinion, Dr.
5   Samenfeld-Specht speaks to stress and indicates at 1999 that
6   Dawn reports she is unable to cope with sustained high stress
7   work environments and becomes overwhelmed if work pace or
8   demands are high.  On page 2001, he circles several categories
9   of work components that the claimant would find stressful.
10  Many, if not most, of those are accommodated in the RFC finding
11  of the Administrative Law Judge.
12          The opinion of Dr. Samenfeld-Specht was discussed at
13  pages 41 to 42 of the Administrative Transcript by the ALJ.  He
14  cited reason -- she cited, I should say, reasons why controlling
15  weight was not afforded to that.  He afforded partial weight,
16  however -- she did.  She noted that plaintiff [sic] had only
17  been treating the claimant for a few sessions in 2019.  She
18  does -- he does not factor in issues of her alcohol abuse and
19  his estimate of the amount of time claimant would be off task,
20  absent from work, or need an unscheduled break once a week is
21  speculative.
22          The Commissioner is not arguing, as I read it, that
23  Dr. Samenfeld-Specht is not and does not qualify as a treating
24  source because of the number of treatment sessions, it is based
25  on four visits, February 27, 2019, March 12, 2019, April 2,

1   2019, and April 16, 2019.  The number and length of the

2   treatment, however, is a relevant factor under 20 C.F.R. Section

3   404.1527(c)(2)(i).  The, as plaintiff argues, being off task

4   15 percent or absent four times a month would be work

5   preclusive.  The -- all of the serious limitations in the

6   opinion were -- could be accommodated with the exception of off

7   task and absenteeism.

8           I know that plaintiff has relied heavily on -- well,

9   relied on, I will say, citing broadly the decision in *Lee G. v.*

10  *Commissioner of Social Security*, 20 C.F.R. Section -- I'm sorry,

11  20 -- it is 2021 WL 22612 from the Northern District of New

12  York, January 4, 2021, from my colleague Magistrate Judge Daniel

13  J. Stewart.  I find that that case is readily distinguishable.

14  In that case, the ALJ failed to acknowledge the existence of the

15  treating relationship, as well as frequency, length, nature, and

16  extent of the treatment, and did not provide other sufficient

17  reasons for his conclusion and therefore the treating source

18  rule was violated.  This case is, in my view, distinguishable.

19          I note moreover that we're discussing moderate

20  limitations in mental functioning, which under *Raftis v.*

21  *Commissioner of Social Security*, 2018 WL 1738745, Northern

22  District of New York, April 6, 2018, is not per sé preclusive of

23  the ability to perform basic work functions.  I also note that

24  Dr. Samenfeld-Specht's opinion is internally inconsistent

25  regarding being off task and absent.  The doctor finds that

1   plaintiff has a limited but satisfactory ability, meaning less
2   than ten percent, to complete a normal workday and normal
3   workweek without interruptions and psychologically based
4   symptoms and limited but satisfactory to serious -- there's
5   checkmarks in both boxes -- with maintaining attention in
6   two-hour segments.  The bottom line is, as the ALJ noted, Dr.
7   Buban reviewed all of plaintiff's medical records, including
8   pertinently Dr. Samenfeld-Specht's opinion, although her
9   resulting RFC, absent alcohol at page 2051, did not specifically
10  speak to extra breaks or time off task or absenteeism, it
11  provides a narrative RFC which provides a basis to conclude that
12  plaintiff is capable of performing work on a regular and --
13  regular basis and full-time basis.
14          The ALJ relied on the opinion of Dr. Buban and did
15  not substitute her lay opinion for the opinions of Dr.
16  Samenfeld-Specht.  I conclude that the treating source rule has
17  not been violated when the ALJ's decision is reviewed as a
18  whole, *Estrella v. Berryhill*, 925 F.3d 90, Second Circuit, 2019.
19          With regard to recontacting Dr. Samenfeld-Specht
20  concerning ambiguity, I'm not sure there is ambiguity, but in
21  any event, the regulations that apply as to recontacting medical
22  sources permits, but does not mandate, recontacting.  Here, the
23  ALJ afforded more weight to Dr. Buban's opinion who reviewed Dr.
24  Samenfeld-Specht's opinion and I find no error.
25          The alcohol abuse protocol, as the Commissioner has

1  noted, SSR 13-2p provides guidance in evaluating cases involving
2  drug and alcohol addiction.  Where there is medical evidence of
3  an applicant's drug or alcohol abuse or disability, inquiry does
4  not end with step five analysis, instead the Contract with
5  America Advancement Act adopted in 1996 requires that an
6  individual must not be considered disabled if alcoholism or drug
7  addiction would be a contributing factor material to the
8  Commissioner's determination that the individual's disabled.
9  The critical question then becomes whether the claimant would be
10 disabled if he or she stopped using drugs or alcohol.  In such
11 an instance, the burden of demonstrating that substance abuse is
12 not a contributing factor to the disability determination rests
13 with the claimant, *Cage v. Commissioner of Social Security*, 692
14 F.3d 118, Second Circuit, 2012.
15              In this case, the Administrative Law Judge did go
16 through the required protocol.  Here, he concluded -- she
17 concluded that in the presence of alcohol, the -- a listing
18 presumptively disabling impairment would be met and plaintiff
19 would be found disabled at step three with alcohol abuse and
20 properly stopped the inquiry at that step.  She then concluded
21 that without alcohol, the B and C criteria would not be met and
22 that plaintiff has the ability or the RFC to perform work.  That
23 was based on Dr. Buban's opinion, which was given great weight
24 at page 42.  The ALJ cited reasons and had found her opinion to
25 be, frankly, more complete and thorough than in many I have

1   seen.  She cited reasons and the evidence primarily from Dr.

2   Buban, but also Dr. Samenfeld-Specht in many respects, supports

3   the RFC when alcohol abuse is not present.

4              The claimant has suggested that it is improper to

5   elevate the opinions of a state agency non-examining consultant

6   over a treating source.  Case law is to the contrary, *Anselm v.*

7   *Commissioner of Social Security*, 737 F. App'x 552 from the

8   Second Circuit, 2018, and *Camille v. Colvin*, 652 F. App'x 25,

9   from June 15, 2016.  Dr. Buban reviewed the entire record and

10  listed in her opinions all of the records that were reviewed and

11  provided an RFC in narrative form on 2051, the Administrative

12  Law Judge thoroughly discussed the B and C criteria, and the

13  absence of substance abuse based on Dr. Buban, and the review of

14  the entire record.

15             I find that plaintiff has not sustained her burden of

16  demonstrating that the alcohol abuse was not a contributing

17  factor material to the issue of disability and that the

18  determination as to substance abuse is a contributing factor in

19  this case material to the determination of disability as

20  supported by substantial evidence.  I find that the residual

21  functional capacity finding in most instances accommodates,

22  frankly, the limitations set forth in Dr. Samenfeld-Specht's

23  opinions, including plaintiff's ability to deal with stress and

24  to the extent it doesn't the ALJ properly explained why the

25  additional limitations were rejected, and Dr. Buban's opinion

1   provides ample substantial evidence to support that
2   determination.
3          In conclusion, I find no error and that the correct
4   legal principles were applied and the resulting determination is
5   supported by substantial evidence.  Plaintiff has failed to
6   carry her burden of demonstrating greater limitations than were
7   found in the RFC, as was her burden.  I therefore grant judgment
8   on the pleadings to the defendant and order dismissal of
9   plaintiff's compliant.
10         Thank you, both.  I hope you have a good afternoon.
11         MR. BENSON:  You, too.  Thank you, Judge.
12         MS. RICHARDS:  Thank you, your Honor.
13         (Time noted:  10:47 a.m.)

```
 1
 2
 3
 4                CERTIFICATE OF OFFICIAL REPORTER
 5
 6
 7         I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 8  NYRCR, Official U.S. Court Reporter, in and for the United
 9  States District Court for the Northern District of New York, DO
10  HEREBY CERTIFY that pursuant to Section 753, Title 28, United
11  States Code, that the foregoing is a true and correct transcript
12  of the stenographically reported proceedings held in the
13  above-entitled matter and that the transcript page format is in
14  conformance with the regulations of the Judicial Conference of
15  the United States.
16
17           Dated this 21st day of March, 2022.
18
19           s/ Hannah F. Cavanaugh_____
20           HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
21           Official U.S. Court Reporter
22
23
24
25
```